UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAY 2 0 2005
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM R. CODY,<br><br>Plaintiff,<br><br>vs.<br><br>DARYL R. SLYKHUIS; DENNIS BLOCK; DOUGLAS T. LOEN; CLIFTON FANTROY; DOUGLAS L. WEBER; and OWEN SPURRELL, in their official and individual capacities,<br><br>Defendants. | CIV 04-4169<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion for Temporary Restraining Order and a Preliminary Injunction, Doc. 2. He also filed a Motion to Hold Action in Abeyance, Doc. 28, and a Motion for Leave to Withdraw Motion to Hold Action in Abeyance, Doc. 29. A Motion to Amend the Complaint, Doc. 30, was also filed by Plaintiff.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that "'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.'" *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The crux of this action under 42 U.S.C. § 1983, is that Plaintiff is being denied access to the courts because he is being denied an adequate number of copies of documents he desires to file with the Courts or to use in initiating and prosecuting his lawsuits. Plaintiff has not shown that he will suffer irreparable harm absent the issuance of a preliminary injunction in this action. Although Plaintiff lists actions he desires to initiate, he has not shown that any of those actions have merit or that any of those actions will be barred by the statute of limitations if a preliminary injunction is not issued. The current scheduling order in this case provides that all motions will be filed by September 13, 2005, with briefing to be concluded by October 14, 2005. If Plaintiff believes one or more of the actions he desires to initiate may be barred by the statute of limitations before the conclusion of this action, Plaintiff can use a portion of the allowed number of copies to initiate that action. If he has exhausted the number of allotted copies and he desires to initiate a non-frivolous lawsuit that is close to the end of the statute of limitations, he may file a new Motion for Preliminary Injunction. As of April 26, 2005, the Defendants made arrangements for Plaintiff to receive the copies he alleged he has been denied to allow him to prosecute this action. The Court recognizes that the Defendants' actions in providing such copies may not resolve all of Plaintiff's claims in this action, but those actions are sufficient to prevent Plaintiff from suffering irreparable harm necessitating a temporary restraining order or preliminary injunction at this point in the proceedings. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, Doc. 2, is denied.

2. That Plaintiff's Motion for Leave to Withdraw, Doc. 29, is granted, and Plaintiff's Motion to Hold Action in Abeyance is withdrawn.

3. That Plaintiff's Motion to Amend Complaint, Doc. 30, is granted, and the Clerk shall file the Amended Complaint, which is attached to the Motion.

Dated this 20th day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
DEPUTY

3