FILED

UNITED STATES DISTRICT COURT

MAR 23 2006

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| WILLIAM R. CODY, | * | CIV 04-4169 |
| Plaintiff, | * | |
| vs. | * | |
| DARYL R. SLYKHUIS; DENNIS BLOCK; DOUGLAS T. LOEN; CLIFTON FANTROY; DOUGLAS L. WEBER; and OWEN SPURRELL, in their official and individual capacities, | * | MEMORANDUM OPINION AND ORDER |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion for Summary Judgment, Doc. 36, a Motion to Supplement Complaint, Doc. 35, and a Motion for Appointment of Counsel, Doc. 59. Defendants filed a Motion for Summary Judgment, Doc. 40. The summary judgment motions have been fully briefed by the parties and for the reasons set forth below Plaintiff's motion will be denied and Defendants' motion will be granted. Plaintiff will not be allowed to supplement his complaint and an attorney will not be appointed in this action.

## BACKGROUND

Plaintiff is an inmate in the South Dakota State Penitentiary ("SDSP"). Defendants are prison officials. The crux of this action, brought pursuant to 42 U.S.C. § 1983, is that Plaintiff is being denied access to the courts because he is being denied an adequate number of copies of documents he desires to file with the Courts or to use in initiating and prosecuting his lawsuits. The SDSP policy regarding photocopies is that inmates may obtain copies for 15 cents per page. If an inmate is indigent, he may obtain up to a limit of $10.00 per month by charging to his inmate trust

account. Thus, indigent inmates may obtain 66 copies per month. Inmates are allowed to have overdrawn trust accounts for copy costs.

## DISCUSSION

1. **Summary Judgment Motions**

In considering a motion for summary judgment, the Court asks the question whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting Fed.R.Civ.P. 56(e)). Simply creating a factual dispute cannot defeat a motion for summary judgment; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit. *See, e.g., Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). "A plaintiff's verified Amended Complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001) (citations omitted). If the allegations in the verified complaint consist of nothing more than conclusory allegations, however, they are insufficient to overcome a summary judgment motion. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

The Supreme Court of the United States has recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, (1977). The Supreme Court later explained that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . .the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."

2

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). To prevail on a denial of access to the courts claim, the inmate must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *See id.* at 353. In summary,

> When any inmate, even an illiterate or non-English speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish *adequate* law libraries or *adequate* assistance from persons trained in the law.

*Id.* at 356. To prevail on his access to the courts claim against any of the Defendants, Plaintiff must be able to prove he sustained an "actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). In other words, he must show he suffered prejudice. *See Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992).

In 2002, the Court held that the SDSP policy of allowing indigent inmates to make photocopies up to a maximum of $10.00 per month passed constitutional muster. *See Pellegrino v. Janklow*, CIV 98-4126 (Doc. 219, Sept. 13, 2002). The Court cited the Eighth Circuit's decision in *Blaise v. Fenn*, 48 F.3d 337 (8th Cir. 1995), where all inmates were given an "allowance" of $7.70 per month, to be used as the inmate chose (including for legal mail expenses). Inmates with no funds in their accounts could charge up to $3.50 per month in legal expenses as an "advance" on their next month's allowance. There was, however, a provision for approval for debt over $3.50 from the deputy warden with a showing of exceptional need. "The stated purpose of this regulation is to preserve prison resources, require inmates to make sound fiscal decisions, and encourage inmate discipline." *Id.* at 338. The Eighth Circuit held that the Supreme Court's decision in *Bounds* does not require that inmates be provided with *unlimited* free postage. *Id.* at 339. It follows that inmates are likewise not entitled to *unlimited* free photocopies.

The record shows that Plaintiff attempted to have copies made of complaints he wished to file, that the copies were not made and that the statute of limitations has now expired on some of those complaints. The record shows that Plaintiff established priorities for his photocopy requests and that the complaints he sought to file never made it to the top of his priorities to be included in

3

his allotted 66 photocopies per month. Plaintiff has failed to establish, however, that the photocopy policy caused him to fail to file those complaints. There is nothing in the record to establish that there is any limit on Plaintiff's access to paper and pencils or pens. Rather, in one of the complaints he did not file, Plaintiff states that a correctional officer tried to limit Plaintiff's access to 15 sheets of paper but that other prison officials made it clear Plaintiff was not limited in the amount of paper he could have. (See Doc. 57, Ex. D at ¶¶ 88, 93.) Thus, although it would have been inconvenient for Plaintiff, he could have submitted two handwritten complaints and designated one as an original and one as a copy in order to avoid the complaint from being barred by the statute of limitations.

There is no genuine issue of material fact that Plaintiff was denied access to the courts as a result of the challenged photocopy policy. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (holding that "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that an inmate's access to the courts was not impaired by a "lack of copy paper and non-access to reproduction equipment."); *Brinson v. McKeeman*, 992 F.Supp. 897, 910 (W.D.Texas 1997) (holding that "access to typewriters and copy machines is *not* an essential part of the right of access to the courts. There simply is no constitutional right of access to carbon paper, reproduction equipment, or to face-to-face meetings with other inmates possessed by pretrial detainees or prisoners."). The SDSP provides various options for inmates seeking to access the courts. Plaintiff has access to paper and pencils or pens, he is allowed to make 66 copies each month and he is provided with postage to mail his legal materials. Although it would be easier for Plaintiff to obtain photocopies of all documents rather than having to handwrite some copies, the Defendants have given Plaintiff an alternative for accessing the courts if he feels he needs to file more than 66 copies each month with the courts. Because the policy challenged by Plaintiff is not the cause of any injury Plaintiff may have suffered, the Court need not decide the issue of whether Plaintiff has established an actual injury. Thus, Defendants' summary judgment motion will be granted and Plaintiff's summary judgment motion will be denied.

2. **Motion to Supplement Complaint and Appoint Attorney**

The Court allowed the filing of an Amended Complaint in this action on May 20, 2005. Plaintiff seeks to add two new defendants to this action and to add additional allegations regarding denial of access to his medical records. He claims the denial of access to his medical records is hindering his ability to bring a new action based upon the medical care he is receiving at the SDSP. The new allegations in the Supplemental Complaint do not relate to the photocopy policy challenged in this action. The Court does not find that justice requires the granting of the motion to again supplement the complaint in this action. Fed.R.Civ.P. 15(a).

Plaintiff also moves for the appointment of an attorney in this case. (Doc. 59). Plaintiff is most concerned about having the assistance of an attorney at trial. There will not be a trial in this action and Plaintiff has been able to adequately represent himself through the summary judgment proceedings. Thus, the motion will be denied. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Supplement Complaint, Doc. 35, is denied.

2. That Plaintiff's Motion to Appoint Counsel, Doc. 59, is denied.

3. That Plaintiff's Motion for Summary Judgment, Doc. 36, is denied.

4. That Defendants' Motion for Summary Judgment, Doc. 40, is granted.

Dated this 23rd day of March, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
           DEPUTY